Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
Email: jdulberg@pszjlaw.com
        jlucas@pszjlaw.com

*Counsel to Bradley D. Sharp, Liquidation Trustee
of the Klein Creditors' Liquidation Trust*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-NB |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | |
| BRADLY D. SHARP, Liquidation Trustee, | Adv. Case No.: 2:26-ap-_____(NB) |
| Plaintiff, | **ADVERSARY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF REGARDING THE LIFE INSURANCE POLICY #JJ7033900 ISSUED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY** |
| v. | |
| LESLIE KLEIN, LINCOLN NATIONAL LIFE INSURANCE COMPANY, THE LESLIE KLEIN LIFE INSURANCE IRREVOCABLE TRUST DATED 6-01-2021, YACOV LUNGER AS TRUSTEE OF THE LESLIE KLEIN LIFE INSURANCE IRREVOCABLE TRUST DATED 6-01-2021, CONGREGATION OF ZWEHIL MONSEY, ROBERT AND ESTHER MERMELSTEIN, AND WILMINGTON TRUST, N.A. | |
| Defendants. | |

Bradley D. Sharp, Bradley D. Sharp, in his capacity as liquidation trustee (the "**Liquidation Trustee**") of the Klein Creditors' Liquidation Trust (the "**Liquidation Trust**"), and plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), brings this complaint (the "**Complaint**") seeking (a) a declaratory judgment that (i) the Liquidation Trust holds *no less than* a 9% beneficiary interest in the life insurance policy # JJ7033900 (the "**Policy**")

4918-5841-8258.15 78512.001

issued by Lincoln National Life Insurance Company ("**Lincoln**"), (ii) that Lincoln, and any other person or entity in control or with responsibility over the Policy or the proceeds thereof, be directed to reflect that the Liquidation Trustee, on behalf of the Liquidation Trust, is the owner of no less than a 9% interest in the Policy as described herein, and (iii) as property of the Liquidation Trust, the plan injunction as described herein prohibits any transfer or change of the Liquidation Trust's rights in the Policy or its proceeds, and (b) an injunction against the Defendants enjoining them from distributing the Liquidation Trust's share of the proceeds of the Policy to any purported beneficiary absent further order of the Court.

**I.**

**INTRODUCTION**

1. The Liquidation Trustee commenced this Adversary Proceeding, pursuant to Rules 7001(7) and (9) and 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 105(a), 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Sections 8, 11, and 12.3 of the *Chapter 11 Trustee's Third Amended Plan of Liquidation of the Estate of Leslie Klein* [Docket No. 1350] (the "**Plan**") seeking declaratory and injunctive relief. By virtue of Leslie Klein's (the "**Debtor**") filing a voluntary petition under chapter 11 of the Bankruptcy Code in this Court and the estate created thereunder that was preserved as an asset under the Liquidation Trust, the Liquidation Trustee needs and seeks additional relief for the determination that no less than 9% of the Policy and its proceeds are property of the Liquidation Trust and that any proceeds be paid to the Liquidation Trust.

2. In the present case, the Debtor established, or was active in the acquisition of, the Policy of the insured (the "**Insured**"), who is currently 95 years of age.

3. The Liquidation Trustee believes that the Liquidation Trust has at least a 9% interest in the Policy. Thus, it is essential for the Court to determine the Liquidation Trust's rights in the Policy and direct the insurer, the owner of the Policy, and any other beneficiary under the Policy to transfer the Liquidation Trust's interest in proceeds of the Policy to the Liquidation Trustee for the benefit of the Liquidation Trust when the Policy matures.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4.      The relief requested herein is necessary to safeguard, and avoid irreparable harm to, the Liquidation Trust. The relief requested herein will help ensure that the integrity and purpose of the automatic stay is preserved and enable the Liquidation Trustee to administer the Liquidation Trust and distribute available assets, inclusive of the proceeds of the Policy, to the holders of beneficial interests in the Liquidation Trust.

**II.**

**JURISDICTION AND VENUE**

5.      This Adversary Proceeding arises in and relates to the Debtor's above-captioned case pending before this Court under chapter 11 of the Bankruptcy Code.

6.      The Court has jurisdiction to consider this adversary proceeding pursuant to 28 U.S.C. § 1334.

7.      The Court has a broad grant of subject matter jurisdiction over the claims against the Debtor and Defendants pursuant to 28 U.S.C. § 1334. The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all property, wherever located, of the Debtor as of the commencement of this case, and of property of the Liquidation Trust.  28 U.S.C. § 1334(e).

8.      This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O) and the Liquidation Trustee consents to the entry of a final order by the Court in connection with this Adversary Proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9.      Venue for this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**III.**

**BASIS FOR RELIEF**

10.      The statutory bases for the relief requested herein are sections 105 and 541 of the Bankruptcy Code, Bankruptcy Rules 7001(7), 7001(9), and 7065, Sections 8, 11, and 12.3 of the Plan, and section 2201(a) of title 28 of the United States Code.

11. The Liquidation Trustee has made no prior request for the relief requested herein to this or any other court.

**IV.**

**THE PARTIES**

12. Plaintiff, Bradley D. Sharp, was formerly the chapter 11 trustee (the "**Chapter 11 Trustee**") for the bankruptcy estate of the Debtor and was appointed Liquidation Trustee pursuant to the terms of the Plan confirmed by order [Docket No. 1366] of the Court entered on April 28, 2026. The Plan became effective on May 1, 2026 (the "**Effective Date**").

13. The Debtor, Leslie Klein, is an individual who resides in Los Angeles, California and is the debtor in the above-captioned chapter 11 case.

14. The Lincoln National Life Insurance Company is incorporated in the State of Indiana with its principal place of business in Fort Wayne, Indiana and is registered to do business in the State of California. Lincoln is the insurer and issued the Policy, which is referenced as #JJ7033900 having a stated face value of $10,000,000.[1]

15. Robert Mermelstein and Esther Mermelstein (the "**Mermelsteins**") are individuals and residents of the Kings County (Brooklyn), New York.[2]

16. The Leslie Klein Life Insurance Irrevocable Trust dated 6-01-2021 (the "**Klein Trust**") is a trust and based upon information and belief was formed under and subject to the laws of the State of California.

17. Yacov Lunger ("**Lunger**"), is named in his capacity as trustee of the Klein Trust and is an individual residing in Los Angeles County, California.

---

[1] The Trustee has named Lincoln for the limited purpose of ensuring that when the Policy matures that the Policy's proceeds are held by Lincoln until there is a determination, by way of settlement or by the Court, of the Liquidation Trust's rights under the Policy and the proceeds therefrom.

[2] The Trustee has named the Mermelsteins for the limited purpose of ensuring that when the Policy matures that the Liquidation Trust's share of the Policy's proceeds are held by Mermelsteins until there is a determination, by way of settlement or by the Court, of the Liquidation Trust's rights under the Policy and the proceeds therefrom. The Liquidation Trustee is not challenging the Mermelstein's ownership of and 25% interest in the Policy.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

18.    The Congregation of Zwehil Monsey (the "**Congregation**") is an entity of unknown form, registered as tax exempt, and operating out of a single family residence located in Rockland County, New York.

19.    Wilmington Trust, N.A.("**Wilmington Trust**") is a corporation incoporated and orgagnized in accordance with the laws of the State of Delaware and with offices in Los Angeles County, California.[3]

**V.**

**FACTUAL BACKGROUND**

**A.    The Debtor, the Bankruptcy Filing, and the Appointment of the Trustee**

20.    The Debtor, as an attorney and an accountant, both individually and as a trustee or fiduciary, acquired and maintained life insurance policies that are commonly referred to as "death benefits policies." Upon the death of a named insured, such policies provided a pay out of the policy benefits to designated beneficiaries. Given the face value of the death benefit policies, and any other investment benefits under the life insurance policy, the costs of the associated premiums were framed by the Debtor as investment opportunities.

21.    The Debtor typically retained these policies for his benefit and, at times, held the policies through various trusts or companies that he owned and controlled. In other instances, the Debtor solicited investors to whom he would sell or transfer some or all of the interests in death benefit policies so that the related death benefits would be allocated between the Debtor and such investors.

22.    On February 22, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Upon the filing of the petition, an estate (the "**Estate**") was created that included all the Debtor's assets, affirmative claims, and defenses thereto.

---

[3] The Liquidation Trustee has named Wilmington Trust for the limited purpose of ensuring that when the Policy matures that the Liquidation Trust's share of the Policy's proceeds are held until there is a determination, by way of settlement or by the Court, of the Liquidation Trust's rights under the Policy and the proceeds therefrom. The Liquidation Trustee is not challenging Wilmington Trust's ownership of and 65% interest in the Policy.

PACHULSKI STANG ZIEHL & JONES LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES, CALIFORNIA

23.    On April 10, 2023, the Debtor filed his schedules of assets and liabilities and statement of financial affairs [Docket No. 70] (the "**Schedules**"). The Debtor did not disclose any interest in the Policy or the Klein Trust or the proceeds therefrom in the Schedules.

24.    On May 17, 2023, in response to a motion to dismiss the Debtor's chapter 11 case, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the Estate. On May 23, 2023, the Office of the United States Trustee ("**UST**") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as Chapter 11 Trustee. On May 24, 2023, the UST Filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered the same day [Docket No. 155]. On that same day, the Chapter 11 Trustee accepted his appointment [Docket No. 156] and administered the Estate through the Effective Date.

25.    Section 11 of the Plan preserved the Estate's interest in all "Causes of Action." The Policy is among the various Causes of Action that were preserved under the Plan and transferred to the Liquidation Trust under Section 8 of the Plan for the benefit of holders of beneficial interests in the Liquidation Trust.

**B.    The Policy**

26.    On or about August 28, 2008, a life insurance policy, # JJ7033900 (*i.e.*, the Policy), was issued by Lincoln on the life of the Insured. The Policy has a death benefit of $10 million plus other benefits that may include the reimbursement of premiums and other investments that have accrued during the life of the Policy that are payable to the beneficiaries when the Policy matures.

27.    At its origination, the Policy was owned by a trust that was formed in the name of the Insured with the Insured's spouse acting at the trustee of such trust.

28.    In April 2012, the Policy was transferred to Safety Coverage, LLC as the owner.

29.    On or about July 31, 2012, BW Life Settlements, LLC ("**BW Life**") acquired the ownership interest in the Policy.

30.    BW Life is a California limited liability company that was formed in April 2010. The operating agreement for BW Life, dated May 7, 2010, reflects that it is 50% owned by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Debtor and 50% owned by Bay Area Development Co., which was also a company that was wholly owned and controlled by the Debtor.

31.    Around the same time, the Klein Charitable Remainder Unitrust, dated February 20, 1996, and the Mermelstein Charitable Remainder Unitrust entered into a Memorandum of Agreement for Joint Venture (the "**Mermelstein Joint Venture**"). The Debtor managed the Mermelstein Joint Venture and the parties thereto represented that they each owned a 50% interest in the Policy.

32.    On or about December 4, 2017, the Bank of Utah acquired ownership of the Policy and a 65% beneficiary interest therein while BW Life maintained a 35% beneficiary interest in the Policy.

33.    On or about December 21, 2021, the 35% beneficiary interest in the Policy held by BW Life was changed so that the Mermelsteins held 25%, the Klein Trust held 9%, and the Congregation held 1%.

34.    On or about March 22, 2022, Wilmington acquired ownership of the Policy and a 65% beneficiary interest therein, which was previously held by Bank of Utah.

35.    The Debtor has denied knowledge of the Klein Trust, or its existence.

36.    Lunger has denied knowledge of the Klein Trust, or its existence.

37.    The Congregation has been non-responsive to all efforts by the Liquidation Trustee to determine the basis of its potential interest in the Policy.

38.    At all relevant times, the Debtor and Lunger have refused to provide the Liquidation Trustee with financial records regarding their dealings with respect to various insurance policies including the Policy.

39.    On December 7, 2023, the Liquidation Trustee filed his *Motion For Rule 2004 Examination of Lincoln* [Docket No. 511]. The foregoing Rule 2004 motion was approved on December 27, 2023. [Docket No. 544]. Thereafter, Lincoln produced responsive documents to the Liquidation Trustee.

40.    The documents produced by Lincoln reflect that, as of the date of this complaint, Wilmington Trust holds a 65% interest in the Policy, the Mermelsteins hold a 25% interest in the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Policy, the Klein Trust holds a 9% interest in the Policy, and the Congregation holds a 1% interest in the Policy.

**VI.**

**THE NEED FOR THE REQUESTED RELIEF**

**A.    The Substantial Risk Imposed to the Liquidation Trust**

41.    Absent this Court's intervention, there is a substantial risk that once the contingency under the Policy is triggered (*i.e.*, death of the insured), property of the Liquidation Trust, namely its interest in the Policy and the proceeds therefrom, could be transferred to the Klein Trust or another defendant when it should be transferred to the Liquidation Trust for the benefit of the holders of beneficial interests in the Liquidation Trust.

42.    Prior to commencing the underlying chapter 11 case, the Debtor refused to comply with various state court orders with respect to disclosures of his financial investments and dealings. The record of the refusal of the Debtor to cooperate with the Liquidation Trustee is well documented.

43.    In connection with the Debtor's *Motion to Convert* [Docket No. 596] and *Motion to Abandon* [Docket No. 594], and the Chapter 11 Trustee's successful oppositions thereto [Docket Nos. 656 and 657], the Court previously determined that the Debtor uses other companies that he controls, as well as his law firm, to pay for his living expenses and to shield assets that should be property of the Estate. *See* [Docket No. 684].

44.    This Court also determined that the Debtor's living trust is "self-settled" and, as a result, the property of such trust is property of the Liquidation Trust. *See*, Adv. Case No. 24-01140, Adv. Docket Nos. 62 and 92.

45.    Given the advanced age of the Insured[4] and the Debtor's unwillingness to provide information as part of his fiduciary duty to his creditors, a substantial risk of harm to the Liquidation Trust and ultimately to creditors exists if the Policy matures and proceeds that are payable to the Liquidation Trust are paid to the Klein Trust or another party.

---

[4] The Insured is approximately 95 years of age.

## VII.

## PRELIMINARY INJUNCTION

46.    To guard against the irreparable harm that the Liquidation Trust would suffer in the event that the Policy matures, the Liquidation Trustee will separately seek entry of an order enjoining the Defendants from distributing any Policy proceeds in the event the Policy matures prior to the Court's determination of the relief requested herein. It is the Liquidation Trustee's intention to stipulate with Lincoln, Wilmington Trust, and the Mermelsteins as he is not questioning their interest in the Policy or the proceeds therefrom.

## FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT THAT THE LIQUIDATION TRUST

## HOLDS AN INTEREST IN THE POLICY OR THE KLEIN TRUST

## (Against the Debtor, Lunger, Klein Trust, and the Congregation)

47.    The Liquidation Trustee incorporates by reference all preceding paragraphs as if fully set forth herein.

48.    The Policy is owned by Wilmington Trust and the beneficiary interests in the Policy are purportedly held as follows:

　　　　a.    Wilmington Trust – 65%.

　　　　b.    Mermelsteins – 25%.

　　　　c.    Klein Trust – 9%.

　　　　d.    Congregation – 1%.

49.    Notwithstanding their roles relating to the Policy, the Debtor and Lunger have refused to acknowledge the Klein Trust's existence, the documents that memorialize the Klein Trust, the Debtor's interest in such Klein Trust, and the Klein Trust's interest in the Policy.

50.    Accordingly, the beneficial ownership in the Policy is subject to dispute.

51.    The Liquidation Trustee seeks a determination, pursuant to section 541 of the Bankruptcy Code, Bankruptcy Rule 7001(9), and Section 8 and 11 of the Plan that the Liquidation Trust's interest in the Policy (or the proceeds therefrom) is no less than 9%.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52. Notwithstanding the foregoing, the Liquidation Trustee reserves all rights to amend this cause of action to include other parties for the purpose of determining the Liquidation Trust's interest in the Policy, the proceeds therefrom.

## SECOND CAUSE OF ACTION

### DECLARATORY JUDGMENT THAT THE LIQUIDATION TRUST IS A BENEFICIARY OF THE KLEIN TRUST

### (Against Debtor, Lunger, Klein Trust)

53. The Liquidation Trustee incorporates by reference all preceding paragraphs as if fully set forth herein.

54. On or about July 31, 2012, the Policy was acquired by BW Life, which was a company that was controlled and 50% owned by the Debtor and 50% owned by Bay Area Development, which was wholly owned and controlled by the Debtor.

55. The Klein Trust was allegedly formed on or around June 1, 2021.

56. Subsequently, the Debtor's direct and indirect interest in the Policy by way of BW Life was transferred to the other Defendants but no less than 9% was transferred to the Klein Trust on or around the time Klein Trust was formed.

57. The Debtor's interest in the Klein Trust is in dispute because he refuses to share information regarding the Klein Trust.

58. The Klein Trust could be property of the Estate and ultimately as asset of the Liquidation Trust as a result of the terms of the Klein Trust or the Debtor's control over the Klein Trust.

59. Accordingly, the beneficial ownership in the Klein Trust is subject to dispute.

60. The Liquidation Trustee seeks a determination, pursuant to section 541 of the Bankruptcy Code, Bankruptcy Rule 7001(9), and Section 8 and 11 of the Plan that the Liquidation Trust is a beneficiary of the Klein Trust.

61. Notwithstanding the foregoing, the Liquidation Trustee reserves all rights to amend this cause of action to include other parties for the purpose of determining the Liquidation Trust's interest in the Klein Trust.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4918-5841-8258.15 78512.001

10

## THIRD CAUSE OF ACTION

### DECLARATORY JUDGMENT THAT THE LIQUIDATION TRUST'S INTEREST IN THE POLICY IS SUBJECT TO THE PLAN INJUNCTION

### (Against All Defendants)

62.   The Liquidation Trustee incorporates by reference all preceding paragraphs as if fully set forth herein.

63.   Section 541 of the Bankruptcy Code provides that the filing of a chapter 11 petition "creates an estate . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

64.   Section 12.3 of the Plan operates as a permanent injunction from and after the Effective Date enjoining all persons from taking any actions against the Liquidation Trust Assets, which includes the "Causes of Action" and the Policy.

65.   Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

66.   Over the course of the past decade there is a history of inappropriate conduct committed by the Debtor in establishing and diverting policies of insurance involving death benefits, diverting policy proceeds, creating fictitious entities to divert policy proceeds, misrepresenting the existence of interests and fraudulently distributing assets of the Estate to family and friends.  By virtue of his position in establishing these investments and positioning himself in a manner not subject to oversight, a high degree of risk exists. The failure of the Debtor to identify in his bankruptcy schedules any interest in the Policy, or to assist the Liquidation Trustee with respect to demands made against the Policy, constitutes an act to control property of the Estate, which is part of the Liquidation Trust and expressly prohibited by Section 12.3 of the Plan.

67.   Upon the determination that the Liquidation Trust owns no less than a 9% interest in the Policy and the proceeds therefrom, or an interest in the Klein Trust, it is the Liquidation

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Trustee's duty to preserve and ultimately liquidate any such asset for the purpose of administering the Liquidation Trust and the benefit of creditors holding allowed claims.

68.     The inability of the Liquidation Trustee to receive definitive documentation as to the relationship between the Klein Trust and its interest in the Policy, their existence, communications, payment of premiums, or its modification threatens to negatively impact the Liquidation Trustee's administration of the Liquidation Trust and the allowed claims held by creditors.

69.     Accordingly, the Liquidation Trustee seeks a declaratory judgment that the Liquidation Trust's interest in the Policy and the Klein Trust is subject to Section 12.3 of the Plan.

**FOURTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

**(Against All Defendants)**

70.     The Liquidation Trustee incorporates by reference all preceding paragraphs as if fully set forth herein.

71.     An order directing the defendants how to distribute any proceeds from the Policy is essential to Liquidation Trustee's administration of this chapter 11 case.

72.     The injunctive relief sought herein serves the congressional purpose behind the automatic stay.  Injunctive relief would support the Liquidation Trustee's efforts to account for assets and for a proper administration of the Debtor's assets and liabilities. Allowing for the injunctive relief serves the public interest by promoting the orderly and effective administration of the Estate and its limited assets.

73.     The Liquidation Trustee seeks an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 7065, and Section 12.3 of the Plan, directing Lincoln, Wilmington Trust, Mermelstein, the Klein Trust, Lunger, and the Congregation that upon the maturity of the Policy that any distribution of Klein Trust's share of the Policy's proceeds must be transferred to the respective beneficiaries as determined by the Court.

**WHEREFORE**, for the foregoing reasons, the Debtors respectfully request entry of (i) a judgment that determines (a) the Liquidation Trust's interest in the Policy and the proceeds

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

therefrom or the Klein Trust; (b) that the Liquidation Trust's interest in the Policy and the Klein Trust is subject to Sections 8, 11, and 12.3 of the Plan and (ii) an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 7065, and Section 12.3 of the Plan directing the defendants to distribute the Klein Trust's share of the Policy proceeds to the Liquidation Trustee, on behalf of the Liquidation Trust, to the extent the Court determines the Liquidation Trust's interest in the Policy.

Dated: July 10, 2026                              PACHULSKI STANG ZIEHL & JONES LLP


By   */s/ John W. Lucas*
     John W. Lucas

     *Attorneys to Bradley D. Sharp,*
     *Liquidation Trustee*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4918-5841-8258.15 78512.001                              13

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFF**<br>Bradley D. Sharp, Liquidation Trustee of the Klein Creditors' Liquidation Trust | **DEFENDANTS**<br>Leslie Klein, Lincoln National Life Insurance Company, The Leslie Klein Life Insurance Irrevocable Trust Dated 6-01-2021, Yacov Lunger as Trustee of the Leslie Klein Life Insurance Irrevocable Trust Dated 6-10-2021, Congregation of Zwehil Monsey, Robert and Esther Mermelstein, and Wilmington Trust, N.A. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey W. Dulberg (CA Bar No. 181200)<br>John W. Lucas (CA Bar No. 271038)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone:   (310-277-6910 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Declaratory and Injunctive Relief
11 U.S.C. § 105(a)
11 U.S.C. § 541
28 U.S.C. § 2201(a)
Federal Rule of Bankruptcy Procedure § 7001(7)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☒ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of remove d claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23

LA:4911-9955-8332.1 78512.001

**B1040 (FORM 1040) (12/24)**

| Check if a jury trial is demanded in complaint | Demand $ |
|---|---|
| Other Relief Sought | |

LA:4911-9955-8332.1 78512.001

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Leslie Klein | BANKRUPTCY CASE NO.<br>2:23-bk-10990-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Neil W. Bason |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/John W. Lucas* | | |
| DATE<br>July 10, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John W. Lucas | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

LA:4911-9955-8332.1 78512.001