Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jdulberg@pszjlaw.com
jlucas@pszjlaw.com

*Counsel to Bradley D. Sharp, Liquidation Trustee of the Klein Creditors' Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11 |
| BRADLEY D. SHARP, Liquidation Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, THE LESLIE KLEIN LIFE INSURANCE IRREVOCABLE TRUST DATED 6-01-2021, YACOV LUNGER AS TRUSTEE OF THE LESLIE KLEIN LIFE INSURANCE IRREVOCABLE TRUST DATED 6-01-2021, CONGREGATION OF ZWEHIL MONSEY, ROBERT ESTHER AND MERMELSTEIN, AND WILMINGTON TRUST, N.A.<br><br>Defendants. | Adv. Case No.: 2:26-ap-01186-NB<br><br>**STIPULATION BY AND AMONG PLAINTIFF, LIQUIDATION TRUSTEE, AND DEFENDANTS, WILMINGTON TRUST, N.A., AND ROBERT AND ESTHER MERMELSTEIN, THE CONGREGATION, AND LINCOLN NATIONAL LIFE INSURANCE COMPANY, REGARDING THE COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>[No Hearing Required] |

Plaintiff Bradley D. Sharp, Liquidation Trustee (the "**Liquidation Trustee**") of the Klein Creditors' Liquidation Trust (the "**Liquidation Trust**"), on the one hand, and Defendants Wilmington Trust, N.A., in its nominee capacity as a securities intermediary on behalf of its customer (in such capacity, "**Wilmington**"), Robert and Esther Mermelstein (the "**Mermelsteins**"), the Congregation of Zwehil Monsey (the "**Congregation**"), and Lincoln National Life Insurance



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Company ("**Lincoln**") on the other, by and through their respective counsel, hereby stipulate to the following:

**RECITALS**

A. On or about August 28, 2008, Lincoln issued a life insurance policy, # JJ7033900 (the "**Policy**") on the life of an individual (the "**Insured**"), who is currently 95 years of age.

B. After several sales and transfers of the Policy, the current record beneficiaries of the Policy, and their respective percentage interests, are as follows: Wilmington (65%), Robert Mermelstein (25%), The Leslie Klein Life Insurance Irrevocable Trust dated 6-01-2021 (the "**Klein Trust**") (9%), and the Congregation (1%).

C. On February 22, 2023, Leslie Klein (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "**Court**").

D. On May 17, 2023, in response to a motion to dismiss the Debtor's chapter 11 case, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the Debtor's estate (the "**Estate**"). On May 23, 2023, the Office of the United States Trustee ("**UST**") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 Trustee (the "**Chapter 11 Trustee**"). On May 24, 2023, the UST Filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered the same day [Docket No. 155]. On that same day, the Chapter 11 Trustee accepted his appointment [Docket No. 156] and administered the Debtor's Estate.

E. Prior to the Chapter 11 Trustee's appointment, on April 10, 2023, the Debtor filed his schedules of assets and liabilities and statement of financial affairs [Docket Nos. 34, 62, and 70] (the "**Schedules**"). The Schedules do not disclose whether the Debtor's Estate holds an interest in the Policy or the Klein Trust.

F. On April 28, 2026, the Court entered an order [Docket No. 1366] that approved and confirmed the *Third Amended Plan of Liquidation of the Estate of Leslie Klein* [Docket No. 1350]

(the "**Plan**"). The Plan became effective on May 1, 2026 [Docket No. 1373] (the "**Effective Date**"). The Liquidation Trust's rights in the Policy and the Klein Trust are preserved under the Plan.

G. On July 10, 2026, the Trustee filed a complaint [Adv. Docket No. 1] seeking a determination that the Liquidation Trust holds an interest in the Policy of no less than 10% and is a beneficiary of the Klein Trust or its assets are property of the Estate, and an injunction enjoining the defendants named in the Complaint from distributing or transferring the proceeds of the Policy that are purportedly payable to the Klein Trust and the Congregation, pending a determination by the Court of the rightful beneficiaries of the Policy purported held/owned by the Klein Trust and the Congregation.

H. Wilmington and the Mermelsteins contend that, when the Policy matures, Lincoln will only distribute their share of the Policy's proceeds to themselves. However, pursuant to the terms of this Stipulation, Wilmington and the Mermelsteins agree that if they receive any proceeds from the Policy in excess of their allocable share, they will hold – and not distribute – such proceeds pending further order of the Court; with the clarification that Wilmington is acting solely in its capacity as a securities intermediary, and, to the extent it receives any proceeds of the Policy, it will not be the actual recipient of those funds, which are the property of its customer.

I. Pursuant to the terms of this Stipulation, Lincoln agrees that it will not distribute the proceeds of the Policy to the Klein Trust or the Congregation pending further order of the Court.

**STIPULATION**

1. This Stipulation shall become effective upon the execution of each of the undersigned parties and entry of an order by the Court.

2. Upon the maturity of the Policy, Lincoln may send checks representing the proceeds of the Policy to Wilmington and the Mermelsteins to the extent of their respective 65% and 25% record interests in such Policy.

3. Upon the maturity of the Policy, Lincoln agrees that it shall not distribute the proceeds of the Policy to the Klein Trust and the Congregation to the extent of their alleged respective 9% and 1% interest in such Policy pending a further order of the Court or an agreement with the Liquidation Trustee that is approved by the Court.



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4. Wilmington and the Mermelsteins agree that if they receive proceeds of the Policy in excess of their respective 65% and 25% interest in the Policy that they shall hold such proceeds pending a further order of the Court or an agreement with the Liquidation Trustee that is approved by the Court; with the clarification that Wilmington is acting solely in its capacity as a securities intermediary, and, to the extent it receives any proceeds of the Policy, it will not be the actual recipient of those funds, which are the property of its customer.

5. Wilmington, the Mermelsteins, and Lincoln acknowledge that the Complaint and summons in this action were duly served upon each of them; *provided*, *however*, by agreeing to the terms of this Stipulation they are not required to file an answer or otherwise respond to the Complaint and they shall not be defaulted. If circumstances require that any of them are required to respond to the Complaint, that party shall be provided with sixty (60) days written notice before the response shall be due with the Court.

6. While Wilmington, the Mermelsteins, and Lincoln are not required to file an answer to the Complaint, Wilmington, the Mermelsteins, and Lincoln: (a) confirm they have been duly served with the Complaint and summons and (b) agree to cooperate with the Liquidation Trustee in response to the Liquidation Trustee's reasonable information requests regarding the Policy by providing information reasonably available to Wilmington or the Mermelsteins, respectively, to the extent within their respective possession or control.

7. The Congregation confirms that it has been duly served with the Complaint and summons and the Congregation's time to file an answer to the Complaint is hereby extended from August 12, 2026 to September 23, 2026. Further, the Congregation agrees that it will cooperate with the Liquidation Trustee regarding informal discovery during the foregoing period.

8. The Liquidation Trustee shall promptly file this Stipulation with the Court after it has been executed by the undersigned parties and submit a proposed order to the Court seeking the approval of the Stipulation.

9. This Stipulation may be executed in counterparts, all of which shall be taken together as a single document. In order to expedite the agreement contained herein, electronic, telecopied or PDF'd signatures may be used in place of original signatures on this Stipulation or



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

any document delivered pursuant hereto. The parties intend to be bound by the signatures on the electronic, telecopied or PDF'd document, are aware that the other parties will rely on the electronic, telecopied or PDF'd signatures, and hereby waive any defenses to the enforcement of the terms of this Stipulation based on the form of signature.

10. The Court retain jurisdiction to interpret and enforce the terms of this Stipulation.

Dated: August 18, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By: ______________________
John W. Lucas

*Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Liquidation Trustee*

Dated: August 4, 2026

K&L GATES LLP

By: Jonathan B. Morton
Jonathan B. Morton

*Attorneys for Wilmington Trust, N.A.*

Dated: August __, 2026

LAW OFFICE OF BARUCH C. COHEN, APLC

By: ______________________
Baruch Cohen

*Attorneys for Robert & Esther Mermelstein*

Dated: July __, 2026

LAW OFFICE OF BARUCH C. COHEN, APLC

By: ______________________
Baruch Cohen

*Attorneys for The Congregation*

Dated: August __, 2026

LINCOLN NATIONAL LIFE INSURANCE COMPANY

By: ______________________
Sherry Smith

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

any document delivered pursuant hereto. The parties intend to be bound by the signatures on the electronic, telecopied or PDF'd document, are aware that the other parties will rely on the electronic, telecopied or PDF'd signatures, and hereby waive any defenses to the enforcement of the terms of this Stipulation based on the form of signature.

10. The Court retain jurisdiction to interpret and enforce the terms of this Stipulation.

Dated: August __, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By: ______________________________
John W. Lucas

*Attorneys for Plaintiff, Bradley D. Sharp, Chapter 11 Liquidation Trustee*

Dated: August __, 2026

K&L GATES LLP

By: ______________________________
Jonathan B. Morton

*Attorneys for Wilmington Trust, N.A.*

Dated: August 18, 2026

LAW OFFICE OF BARUCH C. COHEN, APLC

By: ______________________________
Baruch Cohen

*Attorneys for Robert & Esther Mermelstein*

Dated: August 18, 2026

LAW OFFICE OF BARUCH C. COHEN, APLC

By: ______________________________
Baruch Cohen

*Attorneys for The Congregation*

Dated: August _4_, 2026

LINCOLN NATIONAL LIFE INSURANCE COMPANY

By:
Sherry L. Smith
Assistant Vice President



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA