Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Liquidation Trustee
of the Klein Creditors' Liquidation Trust

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor.<br><br>BRADLEY D. SHARP, Liquidation Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE KLEIN, LINCOLN NATIONAL LIFE INSURANCE COMPANY, THE LESLIE KLEIN LIFE INSURANCE IRREVOCABLE TRUST DATED 6-01-2021, YACOV LUNGER AS TRUSTEE OF THE LESLIE KLEIN LIFE INSURANCE IRREVOCABLE TRUST DATED 6-01-2021, CONGREGATION OF ZWEHIL MONSEY, ROBERT AND ESTHER MERMELSTEIN, AND WILMINGTON TRUST, N.A.,<br><br>Defendants. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>Adv. Case No. 2:26-ap-01186-NB<br><br>**PLAINTIFF'S OPPOSITION TO "MOTION OF DEBTOR LESLIE KLEIN TO RECONSIDER DEFAULT JUDGMENT AGAINST POLICY OF ROSALIA FELDMAN"**<br><br>[Relates to Adv. Docket No. 29]<br><br>Date: December 1, 2026<br>Time: 2:00 p.m.<br>Place: U.S. Bankruptcy Court<br>Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012<br>Judge: Hon. Neil W. Bason |

Bradley D. Sharp, in his capacity as liquidation trustee (the "**Trustee**") of the Klein Creditors' Liquidation Trust (the "**Liquidation Trust**") and plaintiff in the above-captioned adversary proceeding, hereby submits this opposition to the *Motion of Debtor Leslie Klein to Reconsider Default Judgment Against Policy of Rosalia Feldman* [Adv. Docket No. 29] (the

"**Motion**") filed by Leslie Klein (the "**Debtor**"). In support of this opposition, the Trustee respectfully states as follows:

**I.**

**THE MOTION SHOULD BE DENIED BECAUSE THERE IS NO LEGAL OR FACTUAL BASIS TO RECONSIDER ENTRY OF THE DEFAULT JUDGMENT**

The Motion should be denied because it is untimely and fails to provide any evidence to support the relief requested.

On July 10, 2026, the Trustee commenced the above-captioned adversary proceeding by filing his complaint [Adv. Docket No. 1] seeking a declaratory judgment that a 9% interest held by the Leslie Klein Life Insurance Irrevocable Trust, dated 6-01-2021 (the "**Klein Trust**"), in life insurance policy #JJ7033900 issued by Lincoln National Life Insurance Company (the "**Policy**") is an asset of the Debtor's estate and therefore owned by the Liquidation Trust.

The documents produced by Lincoln National Life Insurance Company reflect that the interests in the Policy are held by (a) Wilmington Trust, N.A. (65%), (b) Robert and Esther Mermelstein (25%), (c) the Klein Trust (9%), and (d) the Congregation of Zwehil Monsey (1%).

The Complaint and accompanying summons was duly served upon the Debtor, the Klein Trust, and Yacov Lunger ("**Lunger**") as trustee of the Klein Trust. See [Adv. Docket No. 8]. The Debtor, the Klein Trust, and Yacov Lunger each failed to answer the Complaint. On September 29, 2026, the Trustee filed the Motion for Default Judgment Under LBR 7055-1 [Adv. Docket No. 19] (the "**Default Judgment Motion**") against the Debtor, the Klein Trust, and Lunger (collectively, the "**Defaulting Defendants**"). The Default Judgment Motion was served upon the Debtor by email and U.S. Mail. See [Adv. Docket No 19]. The Debtor, the Klein Trust, and Lunger did not file a response to the Default Judgment Motion.

In the Court's tentative ruling, the Court ruled in favor of the Trustee and directed that no appearance was necessary. The Debtor, however, appeared at the October 20, 2026 hearing without notifying the Trustee's counsel[1] that he intended to oppose the Default Judgment Motion

[1] The Court's tentative ruling plainly stated that any party wishing to attend the hearing to challenge the tentative ruling was required to notify the other parties to the proceedings. As noted, the Debtor failed to do so.

notwithstanding the Court's tentative ruling. The Court "not having been persuaded by his excuses for that lack of filing," declined to hear the Debtor's oral argument and granted the Default Judgment Motion. *Order on Plaintiff's Motion for Default Judgment* [Adv. Docket No. 24] at 1–2.

On October 22, 2026, the Court entered an order granting the Default Judgment Motion, [Adv. Docket No. 24]. On October 23, 2026, the Court entered the *Default Judgment (Without Prior Judgment)* [Adv. Docket No. 25] (the "**Default Judgment**") against the Defaulting Defendants. The Default Judgment expressly provides that "[n]othing in this Judgment determines the rights, claims, or interests of any party other than the Defaulting Defendants, and all such rights, claims, and interests are expressly reserved." Default Judgment, Attachment ¶ 6.

On November 17, 2026 – twenty-five (25) days after entry of the Default Judgment – the Debtor filed the Motion. The Motion, supported only by the Debtor's declaration, asserts that the Policy "does not belong to this Bankruptcy Estate," but belongs to Ofra Orjachovsky ("**Orjachovsky**") pursuant to a state court judgment entered in *In re the Matter of the Green Trust Agreement*, Case No. 18STPB09979 (the "**State Court Judgment**"), which was attached as Exhibit A to the Debtor's declaration. The State Court Judgment does not mention the Policy, the Klein Trust, or how Orjachovsky has any interest in the Policy.

## II.

## ARGUMENT

The Motion should be denied because the Motion was filed more than fourteen (14) days after entry of the Default Judgment. The Debtor fails to cite any statutory or legal basis for the relief requested. If the Debtor was relying upon Bankruptcy Rule 9023, that Rule provides:

> A motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered. In some instances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Bankruptcy Rule 9023.

The Motion is untimely and fails as a matter of law because the Motion was filed on November 17, 2026, which is more than fourteen (14) days after the entry of the Default Judgment, which was entered on October 23, 2026. *Preblich v. Battley*, 181 F.3d 1048, 1057 (9th Cir. 1999)

(denying a motion for reconsideration under Bankruptcy Rule 9023 because the period had expired before the motion to reconsider was filed).

The Debtor's Motion also fails if it was filed pursuant to Bankruptcy Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure. Rule 60 of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60 also provides that:

> A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Rule 60(c) of the Federal Rules of Civil Procedure.

The Motion fails under Rule 60(b) because the Debtor has not provided any evidence to support any of the six instances in which a court may relieve a party from a final judgment. Instead, the Debtor asserts that the Policy is owned by Orjachovsky. The Debtor relies upon the State Court Judgment but that judgment fails to provide any legal or factual connection to show how the Policy might be owned by Orjachovsky.

In the end, the Debtor's Motion is no different than all the other baseless pleadings the Debtor has filed in the chapter 11 case. The Debtor's actions in all aspects of this case are each designed to delay, confuse, and prevent the creditors of the Debtor's estate (who are now the ultimate beneficiaries of the Liquidation Trust) from receiving the distributions they deserve.

**III.**

**CONCLUSION**

For the reasons stated herein and at the hearing on the Motion, the Trustee respectfully requests that the Court deny the Motion because it is untimely and the Debtor fails to provide any legal or factual basis to support the relief requested.

Dated: November 24, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By: *_/s/ John W. Lucas_*
John W. Lucas

Counsel to Bradley D. Sharp, Liquidation Trustee of the Klein Creditors' Liquidation Trust

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*) **PLAINTIFF'S OPPOSITION TO "MOTION OF DEBTOR LESLIE KLEIN TO RECONSIDER DEFAULT JUDGMENT AGAINST POLICY OF ROSALIA FELDMAN"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 24, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **John W Lucas lucas@pszjlaw.com, oca1pio@pszjlaw.com**
- **Nikko Salvatore Stevens nikko@cym.law; eSe1vice@cym.law; karen@cym.law; sarah@cym.law; grace@cym.law; kate@cym.law**
- **United States Tmstee (LA) ustpregionl6.la.ecf@usdoj.gov**

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) **November 24, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 24, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Email:**
Eric J Olson: eric@ejolsonlaw.com
Leslie Klein: les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net

**Via Mail:**
Daniel A. Crawford: dac@crawfordlawgroup.com Baruch Cohen: baruchcohen@baruchcohenesq.com Ron Maroko: Ron.Maroko@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 24, 2026 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## 2. SERVED BY UNITED STATES MAIL

| | | |
|---|---|---|
| Peter C. Anderson, U.S. Trustee<br>Michael Jones, Assistant U.S. Trustee<br>Office of the U.S. Trustee<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, CA 90017 | Ron Maroko, Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, CA 90017 | Daniel A. Crawford<br>Crawford Law Group<br>15303 Ventura Blvd., Ninth Floor<br>Sherman Oaks, California 91403 |
| Leslie Klein<br>c/o Eric J. Olson<br>EJOLSONLAW<br>301 East Colorado Blvd., Ste. 520<br>Pasadena, CA 91101 | Leslie Klein & Associates, Inc.<br>c/o Leslie Klein<br>6454 Van Nuys Blvd. Suite 150<br>Van Nuys, CA 91401 | Leslie Klein Life Insurance Irrevocable Trust, dated 6-01-2021<br>12618 Killion St<br>Valley Village, CA 91607 |
| Eric J. Olson<br>c/o Leslie Klein Life Insurance Irrevocable Trust, dated 6-01-2021<br>EJOLSONLAW<br>301 East Colorado Blvd., Suite 520<br>Pasadena, CA 91101 | Leslie Klein<br>6454 Van Nuys Boulevard, Ste 150<br>Van Nuys, California 91401 | The Lincoln National Life Insurance Co.<br>Attn: Jeff Davis; Kathrine Brewer<br>100 N. Greene Street<br>Greensboro, NC 27401 |
| Congregation Zwehil of Monsey<br>101 West Maple Ave<br>Monsey, NY 10952 | Wilmington Trust National Association<br>10250 Constellation Blvd. Ste. 250<br>Los Angeles, CA 90067 | Wilmington Trust, NA<br>300 Park Street, Suite 390<br>Birmingham, MI 48009 |
| Robert & Esther Mermelstein<br>1539 52nd Street<br>Brooklyn, NY 11219 | Baruch Cohen<br>Law Office of Baruch C. Cohen, APLC<br>4929 Wilshire Boulevard, Ste 940<br>Los Angeles, CA 90010 | Robert Griffen<br>McDermott Will & Schulte LLP<br>919 Third Avenue<br>New York, NY 10022 |
| Yocav Lunger, Trustee of Leslie Klein Life Insurance Irrevocable Trust, dated 6-01-2021<br>12618 Killion Street<br>Valley Village, CA 91607 | Yacov Lunger<br>12618 Killion St<br>Valley Village, CA 91607 | |